

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA
# TUCSON DIVISION

| | | |
|---|---|---|
| TERESA SHORT, Individually and on Behalf of All Others Similarly Situated, § § § | | |
| Plaintiff, § § | | |
| v. § § | 4:16-CV-00050-TUC-RM | |
| CORIZON HEALTH, INC. § § | JURY DEMANDED | |
| Defendant. § § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Teresa Short, on behalf of herself and all others similarly situated ("Plaintiff" and "Class Members" respectively herein) brings this Fair Labor Standards Act ("FLSA") suit against Corizon Health, Inc. ("Corizon") and shows as follows:

### I. SUMMARY

1.  The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2.  Defendant violated the FLSA by paying failing to pay overtime to employees who perform work for the Defendant through their regularly-scheduled meal breaks. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.   PARTIES

3. Plaintiff Teresa Short is an individual who resides in this judicial district and was employed by Defendant within the meaning of the FLSA. She hereby consents to be a party in this action and her consent form is attached as "Exhibit A."

4. The Plaintiff and "Class Members" are Defendant's current and former hourly-paid employees who worked for Defendant in correctional facilities from the three years prior to the filing of the lawsuit through the present whose time records were subject to having a lunch period automatically deducted and who were not paid for all of the time they were required to work through regularly-scheduled meal breaks. This specifically excludes individuals who worked at Defendants' facilities in Alabama, Arkansas, Florida, and Pennsylvania who have already participated or are currently participating as "Class Members" in meal break overtime claims against Defendant.

5. Defendant Corizon Health, Inc. ("Corizon" or "Defendant"), is a corporation authorized to do business, and is doing business, in the State of Arizona. Defendant can be served by and through its registered agent for service, CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136; or CT Corporation System at 3800 N. Central Ave., Suite 460, Phoenix, Arizona 85012.

## III.   JURISDICTION AND VENUE

6. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

7. Venue is proper in this District because the events forming the basis of the suit occurred in this District and one of more of the parties is located here.

## IV. COVERAGE

8. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Class Members.

9. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

13. Defendant Corizon provides healthcare services at over 400 correctional facilities nationwide, including in this District, spread across 31 states and does more than $500,000.00 in business each year.

14. Plaintiff Teresa Short ("Plaintiff") worked as an hourly-paid employee for Defendant during the three years prior to the filing of this lawsuit and from approximately June 2013 through March 2014.

15. As an hourly-paid employee, Plaintiff had a meal break, of approximately thirty minutes, automatically deducted from her time each day. However, Plaintiff was regularly required to work through these meal breaks.

16. Plaintiff was not paid for all hours she works for Defendant. Plaintiff routinely worked more than 40 hours in a week for Defendant, but much of the time she spent doing work through her meal breaks, was not accounted for or paid for at proper overtime rates.

17. Plaintiff and the Class Members were paid on an hourly basis, but were not properly compensated for hours worked in excess of 40 in a workweek. Plaintiff and the Class Members routinely worked in excess of 40 hours per week, but were not paid time-and-one-half their regular rates of pay for hours in excess of 40 hours per week. Instead, Plaintiff and Class Members were paid for their assigned shift times rather than the actual hours they worked. Defendant failed to accurately track all hours of work, especially for time spent working during scheduled meal breaks.

18. Defendant has employed other hourly-paid individuals at its correctional facilities who performed the same or similar job duties under the same or similar pay provisions as Plaintiff, and who were also denied overtime compensation in the same manner as Plaintiff.

19. Defendant has knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members. Defendant has previously been sued for the same circumstances that

resulted in this case in Arkansas, Florida, and Pennsylvania but has not changed this companywide, illegal policy.

## VI. COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff and the Class Members were subjected to the same pay provisions in that they were paid under the same pay plan and were not paid at time-and-one-half their regular rates of pay for hours worked in excess of 40 hours in a workweek. Specifically, Plaintiff and the Class Members were paid on an hourly basis for their assigned shift times, but they were not compensated for required and/or expected work through regularly-scheduled meal breaks. These activities were for the benefit of the company and were a regular and expected part of Plaintiff's and the Class Members' work days. Thus, the Class Members are owed unpaid overtime for the same reasons as Plaintiff.

21. Defendant's failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a persistent policy or practice of failing to pay time-and-a-half for all hours worked in excess of 40 in a workweek. This policy or practice is/was applicable to Plaintiff and the Class Members. Application of this policy or practice does not depend on the personal circumstances of the Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied to all Class Members.

22. Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members.

### VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

23. During the relevant period, Defendant has violated and is violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed or by failing to pay minimum wages to such employees. Defendant has acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

### VIII. RELIEF SOUGHT

24. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys fees; and

d. For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ J. Derek Braziel
**J. DEREK BRAZIEL***
*Attorney in Charge*
Texas Bar No. 00793380
**J. FORESTER***
Texas Bar No. 24087532
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com
**Applying to appear pro hac vice*

**ATTORNEYS FOR PLAINTIFF**